UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Stacy Baker,

    Debtor.

Lopez Roofing Service, Inc.,

    Plaintiff,

v.

Stacy Baker,

    Defendant.

Case No. 7-09-12115

Adv. Pro. No. 09-01089

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On October 21, 2013, Plaintiff filed a Motion seeking summary judgment on its claims under 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 727(4)(A) [sic], doc. 67 (the "Motion"). Defendant did not respond to the Motion. In the Motion, Plaintiff asks for a nondischargeability judgment against Defendant based on, inter alia, a criminal plea agreement and a civil default judgment. Having reviewed the Motion and supporting documents, the Court concludes that entry of a nondischargeable embezzlement judgment is appropriate. Because fact issues remain on the amount of the judgment, an evidentiary hearing will be scheduled to evaluate damages. All other requested relief will be denied.

    I.    FACTS

    A.    <u>Admissibility of the Supporting Evidence</u>  To properly support a motion for summary judgment, the movant must offer evidence that could be presented at trial in

an admissible form. *Argo v. Blue Cross and Blue Shield of Kansas, Inc.,* 452 F.3d 1193, 1199 (10th Cir. 2006) (citing Fed.R.Civ.P. 56(e)). Such evidence may not simply be included alongside the movant's recitation of undisputed facts. Instead, the movant must cite to particular materials in the record in support each fact. *See* Fed.R.Civ.P. 56(c)(1)(A) and LBR 7056-1(b).[1]

Here, the Court considered the Plea and Disposition Agreement (the "Plea Agreement") signed by Defendant and entered May 26, 2011, in the action captioned *State of New Mexico v. Stacy Baker,* CR No. 10-00141, Second Judicial District Court, State of New Mexico (the "Criminal Action") because it is admissible evidence of Defendant's admissions set forth therein. *See* Fed.R.Evid. 801(d)(2).[2] The Court also considered Defendant's answer to Plaintiff's amended complaint and took judicial notice of the docket in this adversary proceeding. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may, sua sponte, take judicial notice of its docket); *In re Mailman Steam Carpet Cleaning Corp.,* 196 F.3d 1, 8 (1st Cir.1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade,* 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013), *aff'd*, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

The Court did not consider the remaining materials offered by Plaintiff. The affidavit of Tricia Lopez is not in the proper form, so her testimony and the

---

[1] Plaintiff did not comply with this requirement. Nevertheless, in the interest of efficiency the Court overlooked the procedural deficiencies and reached the merits of the Motion.
[2] For an in-depth discussion of New Mexico law on using plea agreements in subsequent civil litigation, see Section II(E) below.

accompanying summary cannot be considered. The affidavit was not notarized, nor does it contain the language required for unsworn affidavits:

> I declare under penalty of perjury that the foregoing is true and correct. Executed in (date).

28 U.S.C. § 1746. *See also Link Treasure Ltd. v. Baby Trend, Inc.,* 809 F. Supp. 2d 1191, 1195 (C.D. Cal. 2011), *appeal dismissed,* 438 Fed. Appx. 896 (9th Cir. 2011) (court held it could not consider declaration submitted in support of summary judgment that did not comply with 28 U.S.C. § 1746).

Further, the complaint, default judgment, and other filings in the state court civil action captioned *Lopez Roofing Service, Inc. v. Stacy Baker,* CV-D-101-2009-00254, First Judicial District Court, State of New Mexico (the "Civil Action") were not certified or otherwise authenticated. Because of this deficiency, the Court will only take judicial notice of the existence of the Civil Action, and of the fact that the state court entered a default judgment against Defendant.[3] *See, e.g., Berkery v. Comm'r*, 192 B.R. 835, 840 (E.D. Pa. 1996), *aff'd,* 111 F.3d 125 (3d Cir. 1997) (bankruptcy court properly took judicial notice of the reversal of the Chapter 7 debtor's criminal conviction); *In re American Biomaterials Corp.,* 954 F.2d 919, 922 (3d Cir. 1992) (court of appeals took judicial notice of guilty pleas of debtor's principals).

    B.    <u>Findings</u>. The following facts are not in genuine dispute:

        1.    Plaintiff is in the residential and commercial roofing business.

        2.    Defendant is a former employee of Plaintiff.

        3.    Plaintiff hired Defendant in 2004 to work in its Albuquerque office.

---

[3] Defendant's bankruptcy schedules also list Plaintiff as an unsecured creditor on Schedule F, and Defendant discloses the Civil Action in the Statement of Financial Affairs.

4. Defendant performed bookkeeping, accounting, and other administrative tasks for the company.

5. On or about March 1, 2008, Plaintiff closed its Albuquerque office.

6. The State of New Mexico commenced the Criminal Action against Defendant in 2010. Defendant was charged with embezzling from Plaintiff.

7. In May 2011, Defendant entered into the Plea Agreement.

8. In the Plea Agreement, Defendant plead guilty to two counts of criminal embezzlement under New Mexico law, N.M.S.A. § 30-16-8.

9. As part of the Plea Agreement, Plaintiff agreed to pay restitution in the amount of $40,097.04.

10. Defendant paid an undisclosed amount under the restitution agreement.

11. On January 26, 2009, Plaintiff commenced the Civil Action.

12. On March 12, 2009, the state court entered an Order for Default Judgment (the "Default Judgment") against Defendant in the Civil Action.

13. The conduct at issue in the Criminal Action is the same as that addressed in the Civil Action and this adversary proceeding.

## II. DISCUSSION

A. <u>Summary Judgment Standards</u>. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the

-4-

district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir. 1993). Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson,* 477 U.S. at 251; *Vitkus,* 11 F.3d at 1539.

Defendant's failure to respond to the Motion does not mean that the Motion must be granted. Rather, the Court must determine whether judgment is appropriate. *See, e.g., United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004) (court cannot base summary judgment on mere fact that the motion is unopposed, but must consider the merits of the motion); *D.H. Blair & Co. Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006) (citing and following *5800 SW 74th Street*). In doing so, the Court must review the evidence submitted in support of the Motion and determine if Plaintiff has met its burden of proof. *D.H. Blair,* 462 F.3d at 110; *John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities),* 757 F.2d 698, 708 (5th Cir. 1985).

B. <u>Debts for Embezzlement</u>. Debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" are excepted from the general discharge. 11 U.S.C. § 523(a)(4). For purposes of § 523(a)(4), a creditor may prove embezzlement by showing "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *In re Wallace,* 840 F.2d 762, 765 (10th Cir. 1988) (citation and quotation marks omitted). *See also In re Kuwazaki,* 438 B.R. 355 (10th Cir. BAP 2010) (unpublished) (citing *Wallace*); *In re Fickes,* 2011 WL 4625278, at *11 (Bankr. D. Colo. 2011) (citing *Wallace* for the proposition that "the Tenth Circuit uses the federal common law definition of embezzlement"). New Mexico's criminal statute on embezzlement defines the crime thusly:

> Embezzlement consists of a person embezzling or converting to the person's own use anything of value, with which the person has been entrusted, with fraudulent intent to deprive the owner thereof.

N.M.S.A. § 30-16-8(A). For purposes of this case, the definition of embezzlement in New Mexico is the same as the federal common law definition. *Wallace,* 840 F.2d at 765, citing *State v. Peke,* 371 P.2d 226, 231 (N.M. 1962); *State v. Seefeldt,* 212 P.2d 1053, 1054 (N.M. 1949); *Rainbo Baking Co. v. Apodaca,* 542 P.2d 1191 (N.M. App. 1975).

C. <u>Claim Preclusion</u>.

The Court first addresses whether summary judgment is appropriate based on claim preclusion[4] principles. Claim preclusion bars litigation of claims that were or could

---

[4] There is some confusion as to the terminology. "The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology." *In re Zwanziger,* 467 B.R. 475, 480, n. 8 (10th Cir. BAP 2012) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 (1984)). "At times, the term 'res judicata' is used to

-6-

have been advanced in an earlier proceeding. *Strickland v City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997) (citing *State ex rel Martinez v Kerr-McGee Corp.*, 898 P.2d 1256, 1259 (N.M. App. 1995)).

"Federal courts give the same preclusive effect to state court judgments that those judgments would be given in the state court from which they emerged." *Strickland,* 130 F.3d at 1411 (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982)). Under New Mexico law, claim preclusion requires four elements: "(1) the same party or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits." *Strickland,* 130 F.3d at 1411 (citing *Myers v. Olson,* 676 P.2d 822, 824 (N.M. 1984)).

In this adversary proceeding, claim preclusion does not apply. The Plea Agreement is not entitled to preclusive effect because the parties are not the same; the State of New Mexico, not Plaintiff, pursued the Criminal Action against Defendant. There is no evidence that Plaintiff was in privity with the State of New Mexico in the Criminal Action.

Moreover, the Default Judgment was granted on four alternative theories, at least one of which would be dischargeable. The Default Judgment states in pertinent part:

> Defendants Stacy Baker and Patrick Alires are, individually, jointly and severally, indebted to the Plaintiff and judgment is entered in favor of the Plaintiff against Defendants Stacy Baker and Patrick Alires, individually, jointly and severally, as set forth below:

---

encompass both claim and issue preclusion. In other instances, 'res judicata' is used more narrowly as referring only to claim preclusion." *Id*. New Mexico courts seem to equate "res judicata" and "claim preclusion." *See Blea v. Sandoval,* 761 P.2d 432, 435 (N.M. App. 1988). To avoid confusion, the Court will use the terms "claim preclusion" and "issue preclusion."

> i. For Fraud by Embezzlement, and/or for Conversion, and/or for Fraudulent Misrepresentation; <u>and/or for Debt Due in *Quantum Meruit*</u> . . .

(emphasis added). Based on this language, the Court cannot conclude that the Default Judgment was predicated upon conduct giving rise to nondischargeable debts (e.g. embezzlement); debts owed under *quantum meruit* are dischargeable. *See, e.g., In re Snook,* 2006 WL 449048, at *1 (5th Cir. 2006).

D. <u>Issue Preclusion</u>.

Plaintiff argues it is entitled to judgment on principles of issue preclusion, also known as collateral estoppel. Under New Mexico law,[5] issue preclusion bars re-litigation of an ultimate fact or issue if: "(1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the … [present] … case is different from the cause of action in the prior … [case], (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation." *Ideal v. Burlington Res. Oil & Gas Co. LP*, 233 P.3d 362, 365 (N.M. 2010) (citing *Shovelin v. Cent. N.M. Elec. Coop., Inc.,* 850 P.2d 996, 1000 (N.M. 1993)). *See also Deflon v. Sawyers,* 137 P.3d 577, 583 (N.M. 2006) (the difference between claim preclusion and issue preclusion is that the latter does not require that both suits be based on the same cause of action). The party invoking issue preclusion need not have been a party in the prior litigation. *See In re Thomas,* 2012 WL 1021416, *5 (Bankr. D. Colo. 2012) (quoting *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 978 (10th Cir. 1995)).

Under federal law and the law of many states, guilty pleas resolving criminal prosecutions can provide a basis for issue preclusion in later civil litigation to the same extent as a trial on the merits.. *See, e.g., Jiron v. City of Lakewood,* 392 F.3d 410, 417

---

[5] As set forth above, New Mexico law governs because the judgments Plaintiff relies upon are state court judgments. *See Strickland,* 130 F.3d at 1411.

(10th Cir. 2004) (applying Colorado law); *United States v. Real Prop. Located at Section 18,* 976 F.2d 515, 518-19 (9th Cir. 1992) (applying federal law); *Appley v. West,* 832 F.2d 1021, 1026 (7th Cir. 1987) (applying federal law).[6] Some courts, however, do not believe that a plea agreement satisfies the "actually litigated" requirement for issue preclusion. *See e.g. Aetna Cas. Sur. Co. v. Niziolek,* 481 N.E.2d 1356, 1364 (Mass. 1985); *Rawling v. City of New Haven,* 537 A.2d 439, 445 (Conn. 1988); *Teitelbaum Furs, Inc. v. Dominion Ins. Co.,* 375 P.2d 439, 441 (Cal. 1962).

New Mexico law is not settled on this point. Given the split in the case law from other states, the Court will not predict how New Mexico courts would rule on this issue, since there is an alternative basis for its decision.

      E.    <u>Effect of Defendant's Admissions in the Plea Agreement</u>. Under New Mexico law, a properly authenticated guilty plea is admissible against the pleading party when it contains non-hearsay statements by a party opponent. *Svejcara v. Whitman,* 487 P.2d 167, 169 (N.M. App. 1971) (proof of a guilty plea is admissible in a civil action where the same act is involved, is substantial evidence of the truth of the matter, and will support a finding); *Turner v. Silver,* 587 P.2d 966, 969 (N.M. App. 1978) (citing and following *Svejcara*). When a criminal defendant pleads guilty, she is admitting to all elements of the formal criminal charge. *State v. Garcia,* 915 P.2d 300, 304 (N.M. 1996) (quoting *McCarthy v. United States,* 394 U.S. 459, 466 (1969)). In the Plea Agreement offered by Plaintiff, Defendant admits that on two occasions, she embezzled between

---

[6] *See also In re Raiford,* 695 F.2d 521, 523 (11th Cir. 1983) (applying federal law); *In re Kaplan,* 267 F.2d 114, 116 (2d Cir. 1959) (federal law); *National Bank of Pakistan v. Basham,* 148 A.D.2d 399 (N.Y. App. Div. 1989) (New York law); *Goodman v. Wampler,* 407 S.W.3d 96, 102 (Mo. App. 2013) (Missouri law); *R.F. v. Texas Dept. of Family and Protective Services,* 390 S.W.3d 63, 71 (Tex. App. 2012) (Texas law).

Case 09-01089-t    Doc 71    Filed 12/12/13    Entered 12/12/13 11:54:43 Page 9 of 12

$2500 and $20,000. Defendant submitted no contrary evidence. Defendant's admissions are sufficient to support an inference that she embezzled funds from Plaintiff.

In light of the case law and the undisputed admissions in the Plea Agreement, the Court concludes that Defendant's debt to Plaintiff is nondischargeable under § 523(a)(4).

F.  Damages.

Though it is clear Defendant embezzled from Plaintiff, fact issues remain about the proper judgment amount. Based on the admissible evidence, there are two documents that potentially form the basis for a damages award - the Plea Agreement and the Default Judgment. The Plea Agreement requires restitution in the amount of $40,097.04. It is unclear whether the parties intended the restitution amount to cover all of the embezzled funds. In any event, Defendant made payments after May 5, 2011, in an undisclosed amount, so $40,097.04 can no longer be considered an accurate figure.

The Default Judgment contains a much higher figure, $106,351.11, which includes more for the embezzled funds ($60,351.76) and adds audit expenses ($15,200), interest and lost economic opportunities ($29,000), court costs ($221.30), and attorney fees ($1,578.05).

Unlike proceedings where both parties actively participated, a default judgment cannot form the basis for issue preclusion. *Blea v. Sandoval,* 761 P.2d 432, 435 (N.M. Ct. App. 1988) (a default judgment has no issue preclusion effect); *In re Martinez,* 476 B.R. 627, 633 (Bankr. D.N.M. 2012) (citing and following *Blea*); *In re Beaver,* 437 B.R. 410 (Bankr. D.N.M. 2010) (same). There is no evidence Defendant participated in the State Court Action before the Default Judgment was entered. Consequently, the facts found in the Default Judgment, including the amount of damages, cannot be the basis for

-10-

issue preclusion in this adversary proceeding. As explained above, claim preclusion also does not apply because the default judgment may be based on a dischargeable *quantum meruit* theory.

The Court will therefore hold an evidentiary hearing on the proper nondischargeable judgment amount.

G. <u>Other Requested Relief</u>. To the extent, if any, the Motion asks for other relief (e.g. denial of the § 727 discharge or entry of a nondischargeability judgment on grounds other than embezzlement), the request is not well taken. Plaintiff presented no proper support for any § 523(a) debt other than embezzlement. Denial of the § 727 discharge is a harsh remedy, reserved for a truly pernicious debtor. *Soft Sheen Products, Inc. v. Johnson (In re Johnson)*, 98 B.R. 359, 367 (Bankr. N.D. Ill. 1988) (citing *In re Shebel*, 54 B.R. 199, 204 (Bankr. D. Vt. 1985)). As Plaintiff presented very little evidence on its § 727 claim, the Court declines to grant relief under that section.

### III. <u>CONCLUSION</u>

Based on Defendant's admissions in her Plea Agreement, Plaintiff is entitled to a judgment of nondischargeability under 11 U.S.C. § 523(a)(4). The dischargeable amount cannot be ascertained from the Motion and supporting evidence, so the Court will set an evidentiary hearing on the amount of damages.

The Court will enter an appropriate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered on docket: December 12, 2013.

-11-

Copies to:

Trace Rabern
119 East Marcy Street, #201
Santa Fe, NM87501

Mike Daniels
P.O. Box 1640
Albuquerque, NM 87103

Stacy Baker
3303 Shepard Place, NE
Albuquerque, NM 87106